UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>INDIVIDUALLY AND ON BEHALF OF A<br>CLASS OF OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC.<br>AND JOAN M. DICICCO<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.05-11428 - WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOHN HANCOCK FINANCIAL SERVICES, INC.'S AND JOAN M. DICICCO'S ANSWER TO CLASS ACTION COMPLAINT

Defendants John Hancock Financial Services, Inc. ("Hancock") and Joan M. DiCicco ("DiCicco") (collectively "Defendants") hereby respond to the purported Class Action Complaint and Demand for Jury Trial ("Complaint") filed by Daniel Joyce ("Plaintiff").

### I.   NATURE OF THIS ACTION

1. Defendants admit that Plaintiff purports to bring this case as a claim for severance benefits under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), and specifically 29 U.S.C. §§ 1132(a)(1)(B). Defendants further admit that Plaintiff seeks to recover individually and on behalf of a class of others several hundreds of thousands of dollars from Defendants. Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2. Defendants deny the allegations in paragraph 2 of the Complaint.

3.  Defendants admit that the Complaint seeks compensatory damages, declaratory and injunctive relief, and other equitable remedies. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

## II.    JURISDICTION AND VENUE

4.  Defendants admit that the Court has subject matter jurisdiction over this action.

5.  Defendants admit that the Court has personal jurisdiction over Defendants.

6.  Defendants admit that under 29 U.S.C. §1132(e)(2) venue is proper in this district because the alleged actions took place in this district and the Hancock Severance Pay Plan ("Plan") is administered in Massachusetts. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

## III.    PARTIES

7.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 of the Complaint. Defendants admit that Joyce was an employee of Hancock from March 1994 to July 2003. The remaining allegations in paragraph 7 state a conclusion of law to which no response is required.

8.  Defendants admit that Hancock is a Delaware corporation with a principal place of business in Boston, Massachusetts. Defendants further admit that the office of the Massachusetts Secretary of State lists Hancock's officers and directors as located at 200 Clarendon St., Boston, Massachusetts. Defendants further admit that according to the Plan, Hancock was the plan administrator and named fiduciary. The remaining allegations of the third sentence of paragraph 8 state a conclusion of law to which no response is required. Defendants deny the allegations in the last sentence of paragraph 8.

2

9. Defendants admit that DiCicco was employed by Hancock as Human Resources Officer at all times relevant to this action. Defendants deny the remaining allegations in paragraph 9 of the Complaint.

## IV.   FACTUAL BACKGROUND

### A.   Overview

10. Defendants admit that Hancock maintained a Real Estate Operations Department ("REOD") that was primarily responsible for the leasing and daily operations of three Hancock-owned buildings located at 200 Clarendon Street, 197 Clarendon Street, and 200 Berkeley Street in Boston, Massachusetts (collectively referred to as the "Tower Complex.")

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 14 of the Complaint. Defendants deny the allegations in the last sentence of paragraph 14 of the Complaint.

15. Defendants admit that on November 2002, Plaintiff was employed by Hancock at the REOD. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a conclusion of law to which no response is required. To the extent paragraph 16 contains any allegations of fact, Defendants deny such allegations.

17. Defendants admit that in or around November 2002 Hancock notified all Hancock employees that effective November 18, 2002, two changes were made to the Plan. Defendants

further admit that Exhibit B is a true and accurate copy of page 13 of the 2002 Benefits Supplement to the Summary Plan Description ("SPD"). By way of a further answer, Defendants state that the Plan Amendment speaks for itself.

18. Defendants neither admit nor deny that Plaintiff's characterizations of the Plan Amendment as alleged are accurate. By way of further answer, Defendants state that the Plan Amendment speaks for itself.

19. Defendants neither admit nor deny that Plaintiff's characterizations of the Plan Amendment as alleged are accurate. By way of further answer, Defendants state that the Plan Amendment speaks for itself.

20. Defendants admit that Morgan Stanley was hired to broker the sale of Hancock's three buildings in the Tower Complex and scheduled tours with prospective buyers. Defendants deny the remaining allegations of paragraph 20 of the Complaint.

21. Defendants admit that in early 2003 Hancock representatives stated that various employees would be outsourced. Except as specifically admitted herein, Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants admit only that on or about April 2003 Hancock announced that the technology services employees were being outsourced to International Business Machines Corporation.

23. Defendants admit that on or about March 2003 Morgan Stanley brokered a sale of the Tower Complex from Hancock to Beacon Capital Partners, LLC.

24. Defendants admit that as part of the transaction Beacon paid $910 million. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24 of the Complaint.

25. Defendants are without knowledge and information sufficient to form a belief as to the allegations in paragraph 25 of the Complaint.

26. Defendants admit that Plaintiff was informed that some REOD employees would be terminated and eligible to receive severance payments and others would receive job offers from Beacon. Defendants deny the remaining allegations in paragraph 26 of the Complaint.

27. Defendants admit that on or around May 5, 2003 Beacon distributed a letter offering employment to Plaintiff. Further answering, Defendants state that the letter speaks for itself. Defendants deny the existence of a "Class."

28. Defendants state that the offer letter addressed to Plaintiff speaks for itself. Defendants deny the existence of a "Class." Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29. Defendants state that the offer letter addressed to Plaintiff speaks for itself. Defendants deny the existence of a "Class." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint and state that the offer letters speak for themselves.

32. Defendants deny the allegations in paragraph 32 of the Complaint and state that the offer letters speak for themselves.

33. Defendants deny the existence of a "Class." Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34. Defendants deny the existence of a "Class." Defendants admit that in response to Beacon's offer letters some Hancock employees contacted Hancock's Human Resources Department and expressed their views about Beacon's offers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

35. Defendants admit that DiCicco told some employees that a determination would be made on both an individual basis and as a group and that once these determination were made she would meet with concerned employees to discuss their offers. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the existence of a "Class." Defendants admit that on May 30, 2003 DiCicco distributed a memorandum to employees, and state that the memorandum speaks for itself. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38. Defendants admit that Hancock arrived at that determination while having full knowledge of the terms of Beacon's offers to Plaintiff and to other REOD employees. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

39. Defendants admit that Plaintiff accepted Beacon's offer of employment. Defendants deny the existence of a "Class." Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 39 of the Complaint.

40. Defendants deny the allegations in paragraph 40 of the Complaint.

41. Defendants admit the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the existence of a "Class." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint.

49. Defendants deny the existence of a "Class." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint.

### B. Plaintiff Daniel Joyce

50. Defendants admit that Joyce was employed by Hancock from on or around March 1994 until July 14, 2003. The remaining allegations of paragraph 50 state a conclusion of law to which no response is required.

51. Defendants admit the allegations in paragraph 51 of the Complaint.

52. Defendants admit the allegations in paragraph 52 of the Complaint.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. Defendants admit that Joyce received an offer of employment from Beacon. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 54 of the Complaint.

55. Defendants admit the allegations in paragraph 55 of the Complaint.

56. Defendants neither admit nor deny Plaintiff's characterization of Beacon's offer of employment. Further answering, Defendants state that the offer letter speaks for itself.

57. Defendants admit that on or about May 30, 2005, Joyce received a letter from DiCicco notifying him that he was not eligible to receive Plan benefits. By way of further answer, Defendants state that the letter from DiCicco attached as Exhibit C to the Complaint speaks for itself.

58. Defendants admit that on or about June 2003 Joyce sent an e-mail to DiCicco inquiring as to the denial of benefits under the Plan.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants admit the allegations in paragraph 63 of the Complaint.

### IV.  CLASS ALLEGATIONS

64. Defendants admit that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(3). Defendants deny the remaining allegations in paragraph 64 of the Complaint.

65. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny that Joyce was damaged by any action of Defendants. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 70 of the Complaint.

71. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint.

73. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint.

74. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint.

## CAUSES OF ACTION

### COUNT I – DENIAL OF BENEFITS UNDER THE TERMS OF THE PLAN

75. Defendants incorporate by reference their responses to the allegations in paragraph 1-74 of the Complaint.

76. Defendants admit the allegations in paragraph 76 of the Complaint.

77. Paragraph 77 states a conclusion of law to which no response is required. To the extent paragraph 77 contains any allegations of fact, Defendants deny such allegations.

78. Defendants state the Plan and Plan Amendment speak for themselves.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

## COUNT II – BREACHES OF FIDUCIARY DUTY

83. Defendants incorporate by reference their responses to the allegations in paragraphs 1-82 of the Complaint.

84. Defendants admit that Hancock is the named fiduciary of the Plan.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

86. Defendants deny the allegations in paragraph 86 of the Complaint.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Paragraph 90 states a conclusion of law to which no response is required. To the extent paragraph 90 contains any allegations of fact, Defendants deny such allegations.

### A.   Breach of Duty Under 29 U.S.C. § 1132(a)(1)(B)

91. Defendants incorporate by reference their previous responses to the allegations in paragraphs 1-90 of the Complaint.

92. Paragraph 92 states a conclusion of law to which no response is required. To the extent paragraph 92 contains any allegations of fact, Defendants deny such allegations.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants deny the allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

### B. Breach of Duty under 29 U.S.C. § 1132(a)(3)

96. Defendants incorporate by reference their responses to the allegations in paragraphs 1-95 of the Complaint.

97. Paragraph 97 states a conclusion of law to which no response is required. To the extent paragraph 97 contains any factual allegations, Defendants deny such allegations.

98. Paragraph 98 states a conclusion of law to which no response is required. To the extent paragraph 98 contains any factual allegations, Defendants deny such allegations.

99. Paragraph 99 states a conclusion of law to which no response is required. To the extent paragraph 90 contains any factual allegations, Defendants deny such allegations

100. Defendants deny the allegations in paragraph 100 of the Complaint.

### COUNT III – UNJUST ENRICHMENT

101. Defendants incorporate by reference their responses to the allegations in paragraphs 1 - 100 of the Complaint.

102. Defendants deny the allegations in paragraph 102 of the Complaint.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

### COUNT IV – EQUITABLE ESTOPPEL

106. Defendants incorporate by reference their responses to the allegations in paragraph 1-105 of the Complaint.

107. Paragraph 107 states a conclusion of law to which no response is required. To the extent paragraph 107 contains any factual allegations, Defendants deny such allegations.

108. Defendants deny the allegations in paragraph 108 of the Complaint.

109. Defendants deny that Defendants made any representations to Plaintiff when accepting Beacon's offer of employment. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 of the Complaint.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations in paragraph 112 of the Complaint.

### COUNT V – DENIAL OF RIGHT TO REVIEW PERTINENT AND RELEVANT DOCUMENTS AND INFORMATION

113. Defendants incorporate by reference their responses to the allegations in paragraphs 1-112 of the Complaint.

114. Paragraph 114 states a conclusion of law to which no response is required.

115. Paragraph 115 states a conclusion of law to which no response is required. To the extent paragraph 115 contains any factual allegations, Defendants deny such allegations.

116. Defendants deny the allegations in paragraph 116 of the Complaint.

117. Paragraph 117 states a conclusion of law to which no response is required. To the extent paragraph 117 contains any factual allegations, Defendants deny such allegations.

### COUNT VI – VIOLATION OF 29 C.F.R. § 2520.102-2, 29 U.S.C. § 1022(a)

118. Defendants incorporate by reference their responses to the allegations in paragraphs 1-117 of the Complaint.

119. Defendants state that the Plan Amendment attached as Exhibit B to the Complaint speaks for itself.

120. Defendants state that the December 16, 2004 letter from Mr. Carlton Grant attached as Exhibit D of the Complaint states the reasons for denying Plaintiff's appeal for severance benefits.

121. Defendants deny the allegations in paragraph 121 of the Complaint.

122. Defendants deny the allegations in paragraph 122 of the Complaint.

123. Defendants deny the allegations in paragraph 123 of the Complaint.

## COUNT VII – PROMISSORY ESTOPPEL

124. Defendants incorporate by reference their responses to the allegations in paragraphs 1-123 of the Complaint.

125. Defendants state that the Plan Amendment speaks for itself.

126. Defendants state that insofar as the first sentence of paragraph 126 refers to the Plan Amendment, the Plan Amendment speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in paragraph 127 of the Complaint.

128. Defendants deny the allegations in paragraph 128 of the Complaint.

129. Defendants deny the allegations in paragraph 129 of the Complaint.

130. Defendants deny the allegations in paragraph 130 of the Complaint.

## COUNT VIII – DECLARATORY RELIEF

131. Defendants incorporate by reference their responses to the allegations in paragraphs 1-130 of the Complaint.

132. Defendants admit that an actual controversy exists as to the terms of the Plan as applied to Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 132 of the Complaint.

133. Defendants deny the allegations in paragraph 133 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and release.

### THIRD DEFENSE

Plaintiff's claims against DiCicco are barred, in whole or in part, because DiCicco is not a fiduciary of the Plan.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he is not entitled to benefits under the Plan as he was offered a comparable job.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he is not entitled to benefits under the Plan as he accepted a job offer with Beacon.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because not all of the potential class members have exhausted their administrative remedies.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this case may not be certified as a class action pursuant to Fed. R. Civ. P. 23 or any other procedural rule as the alleged class fails to fulfill the requirements of: numerosity, commonality, typicality, and that Plaintiff will fairly and adequately represent and protect the interests of the class.

## EIGHTH DEFENSE

Defendants hereby give notice that they intend to rely on such other and further defenses as become available or apparent during discovery proceedings in this case, and it hereby preserves the right to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court:

(1) Dismiss Plaintiff's lawsuit against Defendants Hancock and DiCicco with prejudice; and

(2) grant Defendants such other and further relief, including all reasonable costs and attorneys' fees as the Court deems just and appropriate.

Respectfully submitted,

John Hancock Financial Services, Inc.

By their attorneys,

/s/ Anthony M. Feeherry
Anthony M. Feeherry (BBO #160860)
Daniel P. Condon (BBO #547676)
Iraida J. Alvarez (BBO #647521)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: September 9, 2005.