UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>INDIVIDUALLY AND ON BEHALF OF A<br>CLASS OF OTHERS SIMILARLY<br>SITUATED<br><br>    Plaintiff,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES,<br>INC. AND JOAN M. DICICCO<br><br>    Defendants. | Civil Action No. 05-11428 – WGY<br>YOUNG, D.J. *as modified*<br>So ordered as the case management<br>scheduling order. *March 31, 2006*<br>Discovery due _____<br>Dispositive Motions due *March 31, 2006*<br><br>*William G. Young*<br>U.S. District Judge |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

Pursuant to Rule 16.1(D) of the Local Rules of the United States District Court for the District of Massachusetts, and the Court's Notice of Scheduling Conference dated November 10, 2005, Plaintiff Daniel Joyce ("Joyce"), individually and on behalf of a class of others similarly situated, and Defendants John Hancock Financial Services ("Hancock") and Joan M. DiCicco ("DiCicco") hereby submit the following Joint Statement.

**I.    Discovery Plan and Proposed Schedule**

A.    <u>Initial Disclosures</u>.  The parties jointly agree to exchange Fed. R. Civ. P. 26(a)(1) initial disclosures by January 4, 2006.

B.    <u>Defendants' Proposed Schedule</u>.  As this case essentially concerns the review of an administrative decision, Defendants believe that it will not be necessary to conduct discovery on the merits of this case before Defendants file a Motion for Summary Judgment.  If after such a motion is filed, Plaintiff believes that there are facts he is not able to present by affidavit,

Plaintiffs may seek a continuance pursuant to Fed. R. Civ. P. 65(f) to permit depositions to be taken, or discovery to be had on those limited issues.

| EVENT | DEFENDANTS' PROPOSED DATE |
|---|---|
| Defendants file Motion for Summary Judgment | January 31, 2006 |
| Plaintiff files Opposition to Motion for Summary Judgment | February 14, 2006[1] |
| Hearing on Motion for Summary Judgment | To be determined by the Court |
| Further Scheduling Conference | At a date to be determined by the Court after the Court has issued a ruling on Defendants' Motion for Summary Judgment. |
| Fact Discovery Closes | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment. |
| Plaintiff files Motion for Class Certification | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Defendants file Opposition to Motion for Class Certification | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Hearing on Motion for Class Certification | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Expert Disclosures | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Expert Discovery | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Any other motions under Rule 56 | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Oppositions to any other motions under Rule 56 | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
| Hearing on any other motions under Rule 56 | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |

---

[1] Pursuant to Fed. R. Civ. P. 56(f), to the extent Plaintiffs are unable to present certain facts by affidavit, the Court may order a continuance to permit limited depositions to be taken, and discovery to be had for the limited purpose of allowing Plaintiff to support his Opposition to Defendants' Motion for Summary Judgment.

| Final Pre-Trial Conference | To be determined after the Court issues a ruling on Defendants' Motion for Summary Judgment |
|---|---|
| Trial | December 2006. |

Plaintiff's Proposed Schedule. Plaintiff is generally amenable to the schedule proposed by Defendants, with noted exceptions to the date proposed for the filing of Defendants' Motion for Summary Judgment on January 31, 2006 and the expectation that Plaintiff seek continuances in order to take certain limited depositions and engage in limited written discovery. Plaintiff averts that such a schedule would place an unnecessary burden on Plaintiff's ability to litigate the putative class' claims. Defendants' proposed schedule would result in Plaintiff being compelled to seek a continuance on each occasion Plaintiff seeks additional documents or testimony that was not previously permitted by the Court. Under the defendants' proposed plan, Plaintiff would, in all likelihood be compelled to seek a continuance merely to depose the named defendants and serve each with written discovery.[2] Even the timeliest of discovery responses by defendants would require that Plaintiff seek a continuance. Moreover, defendants' proposed schedule would compel plaintiff to budget for a potential litany of continuance filings and court appearances only to conduct the most fundamental discovery. Plaintiff would thereby propose that the deadline for Defendants or Plaintiff to file their respective Motions for Summary Judgment be March 31, 2006.

  C.  Discovery Limitations. Defendants believe it is premature at this time to propose a limit on the number of discovery events for each side. Defendants propose that the parties confer about this topic after the Court has ruled on Defendants' Motion for Summary Judgment.

---

[2] No written discovery has been exchanged to date. Plaintiff intends to propound document requests and Interrogatories to each named defendant prior to their respective depositions. Plaintiff's and defendants' counsel are yet to set the dates for each parties' respective depositions.

## II. Certifications Pursuant to Local Rule 16.1(D)(3)

A.  Plaintiff's counsel certifies that he has conferred with his client pursuant to Local Rule 16.1(D)(3). A signed certification will be submitted at the scheduling conference.

B.  Defendants' counsel certifies that he has conferred with his clients pursuant to Local Rule 16.1(D)(3). A signed certification will be submitted at the scheduling conference.

## III. Settlement

Plaintiff has made a written settlement proposal to defendants pursuant to Local Rule 16.1(c). Defendants' counsel has conferred with his clients on the subject of settlement before December 19, 2005 Scheduling Conference and will be prepared to respond to the proposal at the conference.

## IV. Trial By Magistrate

The parties do not consent to trial by Magistrate Judge at this time.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| DANIEL JOYCE, | JOHN HANCOCK FINANCIAL SERVICES, INC. AND JOAN M. DICICCO |
| By his attorneys, | |
| | By their attorneys, |
| /s/Seth J. Robbins | /s/Anthony M. Feeherry |
| Timothy M. Corcoran (BBO #547658) | Anthony M. Feeherry (BBO #160860) |
| Seth J. Robbins (BBO #655146) | Daniel P. Condon (BBO #547676) |
| Corcoran, Fitzgerald & Hennessy | Iraida J. Alvarez (BBO #647521) |
| 500 Granite Avenue | GOODWIN PROCTER LLP |
| Milton, MA  02186 | Exchange Place |
| 617.696.5700 | Boston, MA 02109-2881 |
| | 617.570.1000 |

LIBA/1652738.1

-4-