UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL JOYCE,
Individually and on behalf of a class of others similarly situated,

       Plaintiff,

v.

JOHN HANCOCK FINANCIAL SERVICES, INC. and JOAN M. DICICCO,

       Defendants.

Civil Action
No. 05-11428-WGY

## MUTUAL CONFIDENTIALITY AGREEMENT

The parties, Plaintiff Daniel Joyce and Defendants John Hancock Financial Services, Inc. and Joan M. DiCicco (collectively the "Parties"), in connection with this Action, may seek, either formally or informally, discovery of confidential and sensitive business information of another party or of a third party. The parties have agreed to abide by the terms set forth below with respect thereto.

**A.     Confidential Designations**

1.     A party ("Producing Party") may designate as CONFIDENTIAL any document (whether in hard copy or other recording of any kind), thing, deposition testimony, interrogatory answer, response to requests for admissions and/or production, or other information (including written or oral information exchanged between the parties) provided either prior to or during discovery in the Action and whether requested informally or through a formal request ("Discovery Material") that the Producing Party reasonably believes to contain confidential information.

2. Discovery Material designated as CONFIDENTIAL ("Designated Discovery Material"), if documentary, shall be marked as such with a conspicuous legend near the Bates number of each page to which the designation applies.

3. A deposition transcript or videotaped deposition containing Designated Discovery Material (or revealing the content or substance thereof) shall be marked on the cover "CONFIDENTIAL" and shall indicate as appropriate within the transcript and on the videotape that the Discovery Material has been so designated. A party may designate specific portions or all of the transcript (including exhibits) or videotape as containing "CONFIDENTIAL" Discovery Material either (a) by advising the stenographic reporter and the videographer, who shall indicate in the deposition transcript and on the videotape which portion(s) of the testimony (or exhibits thereto) were so designated, or (b) by advising all other parties in writing within thirty (30) days after receipt by the designating party of the transcript. Until thirty (30) days have passed after the receipt of any transcript, the entire transcript (including exhibits) and videotape shall be deemed designated "CONFIDENTIAL."

4. A party may designate as Designated Discovery Material specific portions of or all informally exchanged oral information by either (a) advising all other Parties in writing prior to the exchange of information, or (b) advising the Parties present during the exchange of information, and all absent Parties in writing within thirty (30) days of the exchange of information.

**B.     Access to Designated Discovery Material**

5.     The following persons may have access to Discovery Material designated as CONFIDENTIAL:

(a)     Counsel for Plaintiff, and the stenographic, clerical, and paralegal employees of counsel for Plaintiff whose duties and responsibilities require access to such materials.

(b)     Outside counsel for Defendants, and the stenographic, clerical, and paralegal employees of outside counsel for Defendants whose duties and responsibilities require access to such materials.

(c)     Employees of the respective parties, including in-house legal personnel, who are involved in this Action or who are otherwise assisting trial counsel.

(d)     Retained consultants or experts for Plaintiff or Defendants (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such material(s)).

(e)     The Court, Court personnel, jurors, mediators, and arbitrators.

(f)     Stenographic and video reporters engaged in proceedings incident to this Action.

(g)     Vendors of outside document copying services and/or document coding or computerization services.  A party providing Discovery Materials designated as CONFIDENTIAL to such vendors shall be responsible for their compliance with the restrictions of this Agreement.

(h)     Individuals who authored or lawfully received such material in the ordinary scope of their employment**.**

(i) During depositions only, a deposition witness who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document.

(j) Any other person to whom the parties agree in writing, provided that any such person must sign an Acknowledgment in the form attached hereto as Exhibit A.

6. Persons described in subsections B.5.(j) may have access to Discovery Materials designated as CONFIDENTIAL only according to the following procedure:

(a) For each person described in subsection B.5.(j) to whom the party receiving the Designated Discovery Materials (the "Receiving Party") proposes to disclose Discovery Materials designated as CONFIDENTIAL, the Receiving Party shall provide to the Producing Party the person's name, occupation, and business address. The Producing Party shall have seven (7) business days after receipt of such information to object to the proposed disclosure. Absent timely objection, the proposed disclosure may be made. If the Producing Party timely objects, the Producing Party shall within five (5) business days after objection petition the Court for an order prohibiting the proposed disclosure. In such event, the proposed disclosure may not be made until the Court has ruled on the Producing Party's objection.

(b) Before receiving Discovery Material designated as CONFIDENTIAL, persons described in subsection B.5.(j) shall be provided a copy of this Confidentiality Agreement and shall execute the acknowledgment form attached hereto as Exhibit A. Outside counsel for the Producing Party shall be served reasonably promptly with a copy of the executed acknowledgment form.

**C.     Use and Care of Designated Discovery Material**

7.     Designated Discovery Material, and any document, material, or recording containing the substance or content thereof, shall be used by a Receiving Party solely for the purpose of the Action.

8.     Any Receiving Party in possession of Designated Discovery Material shall exercise at least reasonable care to preserve its confidential nature.  If such material is disclosed in a manner not authorized by this Agreement, the party responsible for the disclosure shall immediately report such disclosure to the attention of the Producing Party and make every reasonable effort to retrieve such material and to prevent further disclosure.

9.     Nothing in this Confidentiality Agreement shall prevent an employee of a party or outside counsel for Plaintiff or Defendants from attending any deposition, except that only persons entitled to receive "CONFIDENTIAL" Discovery Material shall be present when such Discovery Material is disclosed at a deposition.  Counsel for the party disclosing such "CONFIDENTIAL" Discovery Material at a deposition shall, before such Discovery Material is disclosed, advise counsel for all other parties so that appropriate safeguards can be taken to ensure that only persons entitled to receive such Discovery Material pursuant to the terms of this Confidentiality Agreement are present when such Discovery Material is disclosed.

10.     Any pleading, paper, or other document filed with the Court which contains Designated Discovery Material (or the content or substance thereof) shall be filed with the Court under seal.  The first page of each pleading, paper, or other document filed under seal shall contain the legend:

**UNDER SEAL PURSUANT TO MUTUAL CONFIDENTIALITY AGREEMENT
CONTAINS CONFIDENTIAL MATERIAL**

11. The use of any "CONFIDENTIAL" Discovery Material for the purpose of any trial or any hearing which is open to the public is not addressed at this time.

12. Nothing herein shall impose any restriction on the use or disclosure by a party of its own Discovery Material or of Discovery Material that was lawfully available to the public. In the event, however, that a non-party provides Discovery Material that was generated by a party and that party believes that the Discovery Material is proprietary and confidential, the party may request that all copies of such Discovery Material be stamped CONFIDENTIAL pursuant to this Confidentiality Agreement. If the Parties disagree concerning the proper designation of the Discovery Material, such dispute shall be resolved by the Court. Pending the Court's ruling, the party contesting the requested designation shall treat the Discovery Material as if the requested designation were proper and effective.

**D.    Preservation of Rights**

13. Complying with the terms of this Confidentiality Agreement shall not:

(a) Restrict the right of any party to object to discovery requests under the applicable rules of civil procedure;

(b) Restrict the right of any party to object, under the applicable rules of evidence, to the authenticity or admissibility of any Designated Discovery Material;

(c) Restrict the right of any party to petition the Court for a protective order relating to any Designated Discovery Material; or

(d) Restrict the right of any party to petition the Court for permission to disclose or use particular Designated Discovery Material more broadly than would otherwise be permitted by the terms of this Confidentiality Agreement.

14. The failure of a Receiving Party, at the time it receives Designated Discovery Material, to challenge or object to the designation shall not be deemed a waiver of its right to challenge or object to the designation at a later time. A Receiving Party may at any time request permission to use or disclose such material other than as permitted by this Confidentiality Agreement by making a written request and telephonic inquiry upon counsel for the Producing Party. If the Producing Party does not consent and the parties are unable to agree on the terms and conditions of disclosure, the Receiving Party may submit the matter to the Court for resolution. The Receiving Party may not make the requested disclosure until the Court has ruled.

E.   **Inadvertent Omission of Confidential Designation**

15. The production of information or material meeting the description of subsection A.1. from which the CONFIDENTIAL designation has been inadvertently omitted shall not be deemed a waiver or impairment of any claim by the Producing Party that such material is subject to this Confidentiality Agreement, provided that the Producing Party reasonably promptly notifies the Receiving Party when inadvertent omission is discovered.

16. After receiving notice that a CONFIDENTIAL designation has been inadvertently omitted, the Receiving Party shall treat the material as CONFIDENTIAL, according to instruction from the Producing Party. If, prior to receiving such notice, the Receiving Party provided access to the material to persons other than those described in subsections B.5 (a-i), the Receiving Party shall identify those persons, and the extent to which access was given, to the Producing Party. In addition, the Receiving Party shall take reasonable steps to recover the material and restrict access to it according to the terms of this Confidentiality Agreement. Reasonably promptly after providing notice that a confidential designation has been

inadvertently omitted, the Producing Party shall substitute appropriately marked Designated Discovery Material.

**F.     Inadvertent Disclosure of Privileged Material**

17.    The inadvertent production of any privileged material shall not be deemed a waiver or impairment of any claim of privilege with respect to that material, including, but not limited to, the attorney-client privilege and/or work-product doctrine. Any party or its counsel recognizing that he/she/it has obtained material containing in whole or in part information protected by the attorney-client privilege and/or work-product doctrine that appears to have been inadvertently disclosed shall not read or review the privileged material but shall immediately return the material to the producing party. Within ten (10) business days of receiving written notice from a person or party who represents that he/she/it has inadvertently produced any privileged material, the recipients(s) of such request shall return the original and all copies of such inadvertently produced privileged material within his/her/its possession, custody, or control.

**G.     Disposal of Designated Discovery Material and Survival of Protections**

18.    All provisions of this Confidentiality Agreement restricting the use of information obtained during discovery shall continue to be binding after the conclusion of the Action on the Parties and all persons who have received information under this Confidentiality Agreement, unless the Parties agree otherwise in writing.

19.    Any and all originals and copies of Designated Discovery Material shall, at the request of the Producing Party, be returned to such party within sixty (60) days after a final judgment in or settlement of the Action, or, at the option of the Producing Party, destroyed within that time. The Receiving Party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. As an exception to the

foregoing, outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, and each written discovery request and written response thereto (but not CONFIDENTIAL documents produced in response to a request for production of documents, which documents must be returned to the Producing Party or destroyed in accordance with the procedure identified elsewhere in this paragraph), and documents constituting attorney work product.  In the event that outside counsel maintains such documents, it shall not disclose Designated Discovery Material (or the content or substance thereof) to another party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall promptly notify outside counsel for the Producing Party.

**H.     Discovery Material Produced by Third Parties**

20.     Third parties who produce information in the Action may avail themselves of the protections of this Confidentiality Agreement by producing Discovery Material designated as CONFIDENTIAL.

21.     Parties receiving Designated Discovery Material from third parties shall limit use and disclosure of such material according to the terms of this Confidentiality Agreement.

Respectfully Submitted,

| DANIEL JOYCE, | JOHN HANCOCK FINANCIAL SERVICES, INC. AND JOAN M. DICICCO, |
|---|---|
| By his attorneys, | By their attorneys, |
| */s/ Seth J. Robbins* | */s/ Erin N. Jackson* |
| Kevin T. Peters (BBO #550522) | Anthony M. Feeherry (BBO #160860) |
| Seth J. Robbins (BBO #655146) | Daniel P. Condon (BBO #547676) |
| TODD & WELD LLP | Erin N. Jackson (BBO #647375) |
| 28 State Street | GOODWIN PROCTER LLP |
| Boston, MA  02109 | Exchange Place |
| (617) 720-2626 | Boston, MA 02109 |
| srobbins@toddweld.com | (617) 570-1000 |
|  | ejackson@goodwinprocter.com |

**EXHIBIT A**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>Individually and on behalf of a class of others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC. and JOAN M. DICICCO,<br><br>        Defendants. | Civil Action<br>No. 05-11428-WGY |

**ACKNOWLEDGEMENT OF CONFIDENTIALITY**

      I hereby certify (i) my understanding that Discovery Material designated as CONFIDENTIAL is being provided to me pursuant to the terms and restrictions of a Confidentiality Agreement between the parties to the above-captioned case, and (ii) that I have read the Confidentiality Agreement. I understand the terms of the Confidentiality Agreement, I agree to be fully bound by the Confidentiality Agreement, and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Confidentiality Agreement. I understand that violation of the Confidentiality Agreement may be punishable by contempt of Court.

By: _____

Name (type or print):

Position:

Firm:

Address:

Telephone Number:

Date:

**CERTIFICATE OF SERVICE**

     I, Erin N. Jackson, hereby certify that on March 2, 2006 this Mutual Confidentiality Agreement was filed through the ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on this date.

|  |  |
|---|---|
| Date: March 2, 2006 | */s/ Erin N. Jackson*<br>Erin N. Jackson<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>(617) 570-1000<br>ejackson@goodwinprocter.com |

LIBA/1675002.2