UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>Individually and on behalf of a class of others<br>similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC.<br>SEVERANCE PAY PLAN and JOHN HANCOCK<br>FINANCIAL SERVICES, INC., as Administrator<br>and Fiduciary of the John Hancock Financial<br>Services, Inc. Severance Pay Plan,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-11428 - WGY<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants John Hancock Financial Services, Inc. Severance Pay Plan (the "Plan") and

John Hancock Financial Services, Inc. ("Hancock") (collectively "Defendants") hereby respond

to Plaintiff's First Amended Complaint and Demand for Jury Trial (the "Amended Complaint")

filed by Daniel Joyce ("Plaintiff").

## I.    NATURE OF THIS ACTION

1.    Defendants admit that Plaintiff purports to bring this case as a claim for severance

benefits under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§

1001, et seq. ("ERISA"), and specifically 29 U.S.C. §§ 1132(a)(1)(B).  Defendants further admit

that Plaintiff seeks to recover individually and on behalf of a class of others alleged millions of

dollars from Defendants.  Defendants deny the remaining allegations in paragraph 1 of the

Amended Complaint.

2.    Defendants deny the allegations in paragraph 2 of the Amended Complaint.

3.      Defendants admit that the Amended Complaint seeks compensatory damages, declaratory and injunctive relief, and other equitable remedies.  Defendants deny the remaining allegations in paragraph 3 of the Amended Complaint.

## II.      JURISDICTION AND VENUE

4.      Defendants admit that the Court has subject matter jurisdiction over this action.

5.      Defendants admit that the Court has personal jurisdiction over Defendants.

6.      Defendants admit that under 29 U.S.C. §1132(e)(2) venue is proper in this district because the alleged actions took place in this district and the Plan is administered in Massachusetts.  Defendants deny the remaining allegations in paragraph 6 of the Amended Complaint.

## III.      PARTIES

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 7 of the Amended Complaint, and therefore deny the same.  Defendants admit that Joyce was an employee of Hancock from March 1994 to July 2003.  The remaining allegations in paragraph 7 state a conclusion of law to which no response is required.

8.      Defendants admit the allegations in paragraph 8 of the Amended Complaint.

9.      Defendants admit that Hancock is a Delaware corporation with a principal place of business in Boston, Massachusetts.  Defendants further admit that the office of the Massachusetts Secretary of State lists Hancock's officers and directors as located at 200 Clarendon St., Boston, Massachusetts.  Defendants further admit that according to the Plan, Hancock is the Plan sponsor, Plan administrator, and named fiduciary of the Plan.  The remaining allegations of the

third sentence of paragraph 9 state a conclusion of law to which no response is required.

Defendants deny the allegations in the last sentence of paragraph 9.

## IV.    FACTUAL BACKGROUND

### A.    Overview

10.    Defendants admit the allegations in paragraph 10 of the Amended Complaint.

11.    Defendants admit the allegations in paragraph 11 of the Amended Complaint.

12.    Defendants admit the allegations in paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14.    Defendants admit that Hancock maintained a Real Estate Operations Department ("REOD") that was primarily responsible for the leasing and daily operations of three Hancock-owned buildings located at 200 Clarendon Street, 197 Clarendon Street, and 200 Berkeley Street in Boston, Massachusetts (collectively referred to as the "Tower Complex.")

15.    Defendants admit that REOD performed various services for Hancock business units and non-Hancock related tenants, including building maintenance, construction, operations, office space planning and design, security, safety and purchasing.  Defendants deny the remaining allegations in paragraph 15 of the Amended Complaint.

16.    Defendants admit the allegations in paragraph 16 of the Amended Complaint.

17.    Defendants admit that in November 2002, Plaintiff was employed by Hancock within the REOD.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17 of the Amended Complaint, and therefore deny the same.

18.    Paragraph 18 of the Amended Complaint states a conclusion of law to which no response is required.  To the extent paragraph 18 contains any allegations of fact, Defendants deny such allegations.

19.    Defendants admit that Hancock amended the Plan through sections 3.2(c) and 3.2(d) of the Plan (the "Plan Amendment") and that those amendments became effective on November 18, 2002.  Defendants further admit that Exhibit B is a true and accurate copy of page 13 of the 2002 Benefits Supplement to the Summary Plan Description ("SPD").  By way of a further answer, Defendants state that the Plan Amendment speaks for itself.

20.    Defendants neither admit nor deny that Plaintiff's characterizations of the Plan Amendment as alleged are accurate.  By way of further answer, Defendants state that the Plan Amendment speaks for itself.

21.    Defendants neither admit nor deny that Plaintiff's characterizations of the Plan as alleged are accurate.  By way of further answer, Defendants state that the Plan speaks for itself.

22.    Defendants admit that Hancock announced the planned sale of the Hancock Tower Complex on or around November 26, 2003.  Defendants deny the remaining allegations in paragraph 22 of the Amended Complaint.

23.    Defendants admit that it was the responsibility of the new owner's of the Tower Complex to decide how to staff the buildings that it purchased and to whom it would extend offers of employment.  Defendants deny the remaining allegations in paragraph 23 of the Amended Complaint.

24.    Defendants admit that Morgan Stanley was hired to broker the sale of Hancock's three buildings in the Tower Complex and scheduled tours with prospective buyers.  Defendants deny the remaining allegations in paragraph 24 of the Amended Complaint.

25.    Defendants admit that on or about April 2003 Hancock announced that the technology services employees were being outsourced to International Business Machines Corporation. Defendants deny the remaining allegations in paragraph 25 of the Amended Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Amended Complaint.

27.     Defendants admit that certain Hancock employees were hired by IBM, that certain Hancock employees were retained by Hancock, and that certain Hancock employees were provided severance benefits under the Plan.  Defendants deny the remaining allegations in paragraph 27 of the Amended Complaint.

28.     Defendants admit the allegations in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30.     Defendants admit that in or about March 2003, Morgan Stanley brokered a sale of the Tower Complex from Hancock to Beacon Capital Partners, LLC.

31.     Defendants admit that as part of the transaction Beacon paid $910 million.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 31 of the Amended Complaint, and therefore deny the same.

32.     Defendants admit that Hancock employees were not sold to Beacon Capital Partners Management, LLC ("Beacon").  Defendants deny the remaining allegations in paragraph 32 of the Amended Complaint.

33.     Defendants admit that Plaintiff's business unit was outsourced to Beacon.  Defendants deny the remaining allegations in paragraph 33 of the Amended Complaint.

34.     Defendants are without knowledge and information sufficient to form a belief as to the allegations in paragraph 34 of the Amended Complaint, and therefore deny the same.

35.     Defendants admit that Plaintiff was informed that following the sale of the Tower Complex, some employees in the REOD would be terminated and eligible to receive severance payments and others would receive job offers from Beacon.  Defendants deny the remaining allegations in paragraph 35 of the Amended Complaint.

36.    Defendants admit that Hancock informed Plaintiff of the planned outsourcing of Hancock employees to Beacon.  Defendants deny the remaining allegations in paragraph 36.

37.    Defendants admit that on or around May 5, 2003, Beacon distributed a letter offering employment to Plaintiff.  Defendants deny the existence of a "Class."

38.    Defendants state that the offer letter addressed to Plaintiff speaks for itself.  Defendants deny the existence of a "Class."  Defendants are without knowledge of information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Amended Complaint, and therefore deny the same.

39.    Defendants deny the allegations in paragraph 39 of the Amended Complaint.

40.    Defendants state that the offer letter addressed to Plaintiff speaks for itself.  Defendants deny that Plaintiff's characterization of the letter is accurate.

41.    Defendants admit that in response to Beacon's offer letters some Hancock employees contacted Hancock's Human Resources Department and expressed their views about Beacon's offers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 41 of the Amended Complaint, and therefore deny the same.

42.    Defendants deny the allegations in paragraph 42 of the Amended Complaint and state that the offer letters speak for themselves.

43.    Defendants admit that DiCicco told some employees that a determination would be made on both an individual basis and as a group and that once these determinations were made, she would meet with concerned employees to discuss their offers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Amended Complaint, and therefore deny the same.

44.     Defendants deny the existence of a "Class."  Defendants admit that on May 30, 2003 DiCicco distributed a memorandum to employees and state that the memorandum speaks for itself.  Defendants deny the remaining allegations in paragraph 44 of the Amended Complaint.

45.     Defendants admit that Hancock arrived at its determination while having full knowledge of the terms of Beacon's offers to Plaintiff and to other REOD employees.  Defendants deny the remaining allegations in paragraph 45 of the Amended Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48.     Defendant admits that it conducted a competitive assessment analysis of the benefits package that Beacon offered to Hancock employees.

49.     Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50.     Defendants deny that such representation was made.  Defendants further deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Amended Complaint, and therefore deny the same.

51.     Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52 of the Amended Complaint, and therefore deny the same.

53.     Defendants admit that Hancock matched employee contributions to their 401(k) accounts by up to 4 percent.  Defendants further admit that they were informed that Beacon also offered prospective employees from Hancock a 401(k) plan that would match employee contributions by

up to 4 percent.  Defendants deny the remaining allegations in paragraph 53 of the Amended Complaint.

54.    Defendants admit that Plaintiff accepted Beacon's offer of employment.  Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 54 of the Amended Complaint, and therefore deny the same.

55.    Defendants deny the allegations in paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations in paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations in paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59.    Defendants admit the allegations in paragraph 59 of the Amended Complaint.

60.    Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 60 of the Amended Complaint, and therefore deny the same.

**B.    Plaintiff Daniel Joyce**

61.    Defendants admit that Joyce was employed by Hancock from on or around March 1994 until July 14, 2003.  The remaining allegations of paragraph 61 state a conclusion of law to which no response is required.

62.    Defendants admit the allegations in paragraph 62 of the Amended Complaint.

63.    Defendants admit the allegations in paragraph 63 of the Amended Complaint.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint, and therefore deny the same.

65.     Defendants admit that Joyce received an offer of employment from Beacon.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 65 of the Amended Complaint, and therefore deny the same.

66.     Defendants admit the allegations in paragraph 66 of the Amended Complaint.

67.     Defendants neither admit nor deny Plaintiff's characterization of Beacon's offer of employment.  Further answering, Defendants state that the offer letter speaks for itself.

68.     Defendants admit that on or about May 30, 2005, Joyce received a letter from DiCicco notifying him that he was not eligible to receive Plan benefits.  By way of further answer, Defendants state that the letter from DiCicco attached as Exhibit C to the Amended Complaint speaks for itself.

69.     Defendants admit that on or about June 2003 Joyce sent an e-mail to DiCicco inquiring as to the denial of benefits under the Plan.

70.     Defendants neither admit nor deny that Plaintiff's characterizations of DiCicco's June 3, 2003 email as alleged are accurate.  By way of further answer, Defendants state that DiCicco's June 3, 2003 email speaks for itself.

71.     Defendants deny the allegations in paragraph 71 of the Amended Complaint.

72.     Defendants admit the allegations in paragraph 72 of the Amended Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Amended Complaint.

75.     Defendants admit the allegations in paragraph 75 of the Amended Complaint.

## IV.    CLASS ALLEGATIONS

76.    Defendants admit that Plaintiff purports to bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(1) and (b)(3).  Defendants deny the remaining allegations in paragraph 76 of the Amended Complaint.

77.    Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 77 of the Amended Complaint, and therefore deny the same.

78.    Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the Amended Complaint, and therefore deny the same.

79.    Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of the Amended Complaint, and therefore deny the same.

80.    Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the Amended Complaint, and therefore deny the same.

81.    Defendants deny the allegations in paragraph 81 of the Amended Complaint.

82.    Defendants deny that Joyce was damaged by any action of Defendants.  Defendants further deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 82 of the Amended Complaint, and therefore deny the same.

83.     Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the Amended Complaint, and therefore deny the same.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint, and therefore deny the same.

85.     Defendants deny the existence of a "Class."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the Amended Complaint, and therefore deny the same.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint, and therefore deny the same.

## CAUSES OF ACTION

## COUNT I – DENIAL OF BENEFITS UNDER THE TERMS OF THE PLAN

87.     Defendants incorporate by reference their responses to the allegations in paragraph 1-86 of the Amended Complaint.

88.     Defendants admit the allegations in paragraph 88 of the Amended Complaint.

89.     Paragraph 89 states a conclusion of law to which no response is required.  To the extent paragraph 89 contains any allegations of fact, Defendants deny such allegations.

90.     Defendants state the Plan and Plan Amendment speak for themselves.

91.     Defendants admit that the sale of the Tower Complex involved an outsourcing of Plaintiff's business unit.  Defendants deny the remaining allegations in paragraph 91 of the Amended Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Amended Complaint.

94.    Defendants deny the allegations in paragraph 94 of the Amended Complaint.

95.    Defendants deny the allegations in paragraph 95 of the Amended Complaint.

96.    Defendants deny the allegations in paragraph 96 of the Amended Complaint.

## COUNT II – BREACHES OF FIDUCIARY DUTY

97.    Defendants incorporate by reference their responses to the allegations in paragraphs 1-96 of the Amended Complaint.

98.    Defendants admit that Hancock is the named administrator and fiduciary of the Plan.

99.    Defendants deny the allegations in paragraph 99 of the Amended Complaint.

100.    Defendants admit that the sale of the Tower Complex involved an outsourcing of Plaintiff's business unit.  Defendants deny the remaining allegations in paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations in paragraph 101 of the Amended Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Amended Complaint.

103.    Paragraph 103 states a conclusion of law to which no response is required.  To the extent paragraph 104 contains any allegations of fact, Defendants deny such allegations.

### A.    Breach of Duty Under 29 U.S.C. § 1132(a)(1)(B)

104.     Defendants incorporate by reference their previous responses to the allegations in paragraphs 1-103 of the Amended Complaint.

105.    Paragraph 105 states a conclusion of law to which no response is required.  To the extent paragraph 105 contains any allegations of fact, Defendants deny such allegations.

106.    Defendants deny the allegations in paragraph 106 of the Amended Complaint.

107.    Defendants deny the allegations in paragraph 107 of the Amended Complaint.

108.    Defendants deny the allegations in paragraph 108 of the Amended Complaint.

### B.    Breach of Duty under 29 U.S.C. § 1132(a)(3)

109.    Defendants incorporate by reference their responses to the allegations in paragraphs 1-108 of the Amended Complaint.

110.    Paragraph 110 states a conclusion of law to which no response is required.  To the extent paragraph 110 contains any factual allegations, Defendants deny such allegations.

111.    Paragraph 111 states a conclusion of law to which no response is required.  To the extent paragraph 111 contains any factual allegations, Defendants deny such allegations.

112.    Paragraph 112 states a conclusion of law to which no response is required.  To the extent paragraph 112 contains any factual allegations, Defendants deny such allegations

113.    Defendants deny the allegations in paragraph 113 of the Amended Complaint.

### COUNT III – UNJUST ENRICHMENT

114.    Defendants incorporate by reference their responses to the allegations in paragraphs 1 -113 of the Amended Complaint.

115.    Defendants deny the allegations in paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations in paragraph 116 of the Amended Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 of the Amended Complaint, and therefore deny the same.

118.    Defendants deny the allegations in paragraph 118 of the Amended Complaint.

### COUNT IV – EQUITABLE ESTOPPEL

119.    Defendants incorporate by reference their responses to the allegations in paragraph 1-118 of the Amended Complaint.

120.    Paragraph 120 states a conclusion of law to which no response is required.  To the extent paragraph 120 contains any factual allegations, Defendants deny such allegations.

121.    Defendants deny the allegations in paragraph 121 of the Amended Complaint.

122.    Defendants deny that Defendants made any representations to Plaintiff when he accepted Beacon's offer of employment.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122 of the Amended Complaint, and therefore deny the same.

123.    Defendants deny the allegations in paragraph 123 of the Amended Complaint.

124.    Defendants deny the allegations in paragraph 124 of the Amended Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Amended Complaint.

**COUNT V – DENIAL OF RIGHT TO REVIEW PERTINENT AND RELEVANT DOCUMENTS AND INFORMATION**

126.    Defendants incorporate by reference their responses to the allegations in paragraphs 1-125 of the Amended Complaint.

127.    Paragraph 127 states a conclusion of law to which no response is required.

128.    Paragraph 128 states a conclusion of law to which no response is required.  To the extent paragraph 128 contains any factual allegations, Defendants deny such allegations.

129.    Defendants deny the allegations in paragraph 129 of the Amended Complaint.

130.    Paragraph 130 states a conclusion of law to which no response is required.  To the extent paragraph 130 contains any factual allegations, Defendants deny such allegations.

**COUNT VI – VIOLATION OF 29 C.F.R. § 2520.102-2, 29 U.S.C. § 1022(a)**

131.    Defendants incorporate by reference their responses to the allegations in paragraphs 1-130 of the Amended Complaint.

132.    Defendants state that the Plan Amendment attached as Exhibit B to the Amended Complaint speaks for itself.

133.    Defendants deny Plaintiff's characterization of the December 16, 2004 letter from Mr. Carlton Grant attached as Exhibit D to the Amended Complaint, which states the reasons for denying Plaintiff's appeal for severance benefits.  Defendants further state that the letter speaks for itself.  Defendants deny the remaining allegations in paragraph 133 of the Amended Complaint.

134.    Defendants deny the allegations in paragraph 134 of the Amended Complaint.

135.    Defendants deny the allegations in paragraph 135 of the Amended Complaint.

**COUNT VII – PROMISSORY ESTOPPEL**

136.    Defendants incorporate by reference their responses to the allegations in paragraphs 1-135 of the Amended Complaint.

137.    Defendants state that the Plan Amendment speaks for itself.

138.    Defendants state that insofar as paragraph 126 refers to the Plan Amendment, the Plan Amendment speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 of the Amended Complaint, and therefore deny the same.

139.    Defendants deny the allegations in paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations in paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations in paragraph 142 of the Amended Complaint.

## COUNT VIII – DECLARATORY RELIEF

143.     Defendants incorporate by reference their responses to the allegations in paragraphs 1-143 of the Amended Complaint.

144.     Defendants admit that an actual controversy exists as to the terms of the Plan as applied to Plaintiff.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 144 of the Amended Complaint, and therefore deny the same.

145.     Defendants deny the allegations in paragraph 145 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and release.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he is not entitled to benefits under the Plan as he was offered a comparable job.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he is not entitled to benefits under the Plan as he accepted a job offer with Beacon.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because not all of the potential class members have exhausted their administrative remedies.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this case may not be certified as a class action pursuant to Fed. R. Civ. P. 23 or any other procedural rule as the alleged class fails to fulfill the requirements of: numerosity, commonality, typicality, and that Plaintiff will fairly and adequately represent and protect the interests of the class.

## EIGHTH DEFENSE

Defendants hereby give notice that they intend to rely on such other and further defenses as become available or apparent during discovery proceedings in this case, and it hereby preserves the right to assert such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that this Court:

(1) dismiss Plaintiff's lawsuit against Defendants with prejudice; and

(2) grant Defendants such other and further relief, including all reasonable costs and attorneys' fees, as the Court deems just and appropriate.

Respectfully submitted,

John Hancock Financial Services, Inc. Severance Pay Plan and John Hancock Financial Services, Inc.,

By their attorneys,

/s/ Erin N. Jackson
Anthony M. Feeherry (BBO #160860)
Daniel P. Condon (BBO #547676)
Erin N. Jackson (BBO #647357)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated:  June 6, 2006

## <u>CERTIFICATE OF SERVICE</u>

I, Erin N. Jackson, hereby certify that on June 6, 2006 DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT was filed through the ECF system and will be served electronically on the registered participants, including Plaintiff's Counsel, as identified in the Notice of Electronic Filing.  Paper copies will be sent to those indicated as non-registered participants on this date.


/s/ Erin N. Jackson
Erin N. Jackson
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000