UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>Individually and on behalf of a class of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC. SEVERANCE PAY PLAN and JOHN HANCOCK FINANCIAL SERVICES, INC., as Administrator and Fiduciary of the John Hancock Financial Services, Inc. Severance Pay Plan<br><br>    Defendants. | Civil Action No. 05-11428 – WGY |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 23, the Plaintiff, Daniel Joyce ("Joyce" or "Plaintiff"), individually and on behalf of a putative class of others similarly situated ("Putative Class") seeks certification of a class action consisting of all persons who: 1) are or were participants in or beneficiaries of the Plan on May 5, 2003; and 2) are or were employees/contractors of the Real Estate Operations Department ("REOD") in Boston, Massachusetts; and 3) received an offer of employment from Beacon Capital Partners Management, LLC ("Beacon"); and 4) were subsequently denied Plan benefits and the option to exercise Plan benefits because the offer of employment from Beacon was deemed "comparable" by any of the named Defendants to this action.

Joyce has asserted, as would each member of the Putative Class sought to be certified, a claim for severance benefits under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. §§1001-1461, and specifically, 29 U.S.C. §§ 1132(a)(1)(B). Plaintiff seeks to recover, individually and on behalf of the Putative Class, millions of dollars in severance benefits Defendants John Hancock Financial Services, Inc. Severance Pay Plan ("the Plan") and John Hancock Financial Services, Inc., as Administrator and Fiduciary of the Plan ("Hancock") wrongfully denied him and each member of the Putative Class under the Plan. The wrongful denial of benefits is the product of the Defendants' arbitrary, capricious and incorrect interpretation and application of the Plan.

Specifically, Joyce and the Putative Class, all former employees of Hancock, seek to recover the value of severance benefits they were otherwise entitled to receive under the Plan when in July 2003 their employment with Hancock was involuntarily terminated due to significant staff reductions stemming from the sale of the John Hancock Tower Complex (the "Tower Complex").

Effective November 18, 2002, Hancock amended Sections 3.2(c) and (d) of the Plan (the "Plan Amendment") to read as follows:

> Employment is not terminated for the purposes of this Plan if an employee: . . . (c) is offered a comparable position, as determined by the Company, as an employee with, or provides services in any capacity to a Successor Company, or (d) accepts any position as an employee with, or provides services in any capacity to, a Successor Company.

The following month, Hancock distributed its Summary Plan Description ("SPD") of the Plan to Joyce, which stated the following with respect to the Plan Amendment:

> Effective November 18, 2002, two provisions of the Severance Pay Plan were changed as follows:
>
> - In the event of the sale or outsourcing of a business unit, if an employee of the business unit is offered a comparable job by, or accepts a non-comparable job with the purchaser or successor company, severance will not be paid (comparable will be defined as similar salary, competitive benefit offerings and a work location within 50 miles of the current work location).

2

Hancock, as the Plan administrator and fiduciary, determined initially and on an illusory administrative appeal, that Joyce and the Putative Class members were not eligible for severance benefits under the Plan because they were offered and accepted a "comparable position," by Beacon. In its haste to render its decision to deny benefits, Hancock knowingly and unreasonably ignored the plain language of the SPD, which unambiguously interprets the "comparable job provision" as being applicable only "[i]n the event of a sale or outsourcing of a business unit." The substantial evidence on the record indicates that: 1) there was no sale or outsourcing of the business unit known as the REOD; 2) Joyce and the Putative Class were not offered a "comparable job," as defined by the SPD; and 3) Joyce and the Putative Class accepted employment with Beacon after Hancock misrepresented to them that they were ineligible to receive severance benefits and further misrepresented to them that Beacon's benefit offerings was competitive with benefits offered by other property management companies.

Whether Hancock's conduct and bias warrant a diminished or de novo standard of review, as opposed to deferential, whether the sale of the Tower Complex constituted a "sale or outsourcing" of the REOD, whether Beacon's benefit offerings to Joyce and the Putative Class was "comparable" as the term is used in the SPD, whether Hancock improperly denied severance benefits to Joyce and the Putative Class, whether Joyce and members of the Putative Class were prejudiced as a result of their reading of the faulty SPD and whether Hancock breached its fiduciary duties to Joyce and the Putative Class are questions common to each former Hancock employee. Resolution of these questions, therefore are amenable to the class-action format.

For the foregoing reasons and as set forth more fully in the accompanying Memorandum of Law and supporting affidavit, the Plaintiff respectfully moves the Court to certify a class action as defined above.

Respectfully submitted,

DANIEL JOYCE, et al.

By his attorneys,

/s/ Kevin T. Peters
Kevin T. Peters (BBO#: 550522)
kpeters@toddweld.com
Seth J. Robbins (BBO#: 655146)
srobbins@toddweld.com
TODD & WELD LLP
28 State Street, 31st Floor
(617) 720-2626

Dated:      August 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Fling (NEF) and paper copies will be sent to those indicated as non registered participants on August 22, 2006.

/s/ Seth J. Robbins
Seth J. Robbins

Date: August 22, 2006

4