UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL JOYCE,<br>Individually and on behalf of a class of others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN HANCOCK FINANCIAL SERVICES, INC. SEVERANCE PAY PLAN and JOHN HANCOCK FINANCIAL SERVICES, INC., as Administrator and Fiduciary of the John Hancock Financial Services, Inc. Severance Pay Plan,<br><br>   Defendants. | Civil Action No. 05-11428-WGY |

**DEFENDANTS' ASSENTED-TO MOTION TO STAY CONSIDERATION
OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND
THE DEADLINE FOR DEFENDANTS' OPPOSITION THERETO
<u>UNTIL RESOLUTION OF THE CROSS-MOTIONS FOR SUMMARY JUDGMENT</u>**

Defendants John Hancock Financial Services, Inc. Severance Pay Plan and John Hancock Financial Services, Inc. (collectively, "Defendants) hereby move the Court to stay consideration of Plaintiff's Motion for Class Certification and the deadline for Defendants' Opposition to Plaintiff's Motion for Class Certification until the Court has decided the parties' cross-motions for summary judgment.  In the alternative, Defendants move the Court to extend the time for Defendants' to file their opposition to Plaintiff's Motion for Class Certification until Friday, September 22, 2006, due to a previously planned vacation of Defendants' counsel.  Plaintiff has assented to this Motion.

As grounds for their Motion, Defendants state that in the Joint Statement Pursuant to Local Rule 16.1(D) ("Joint Statement") that the parties filed on December 12, 2005, the parties

proposed a schedule by which the dates for Plaintiff's filing of a Motion for Class Certification, Defendants' opposition thereto, and a hearing thereon would be "determined *after* the Court issues a ruling on Defendants' Motion for Summary Judgment." (Joint Statement Pursuant to L.R. 16.1(D) at 2 (emphasis added) (Document #8).)  Plaintiff made no objection to this proposal in the Joint Statement. (*Id.* at 3.)  Similarly, in its Order concerning the Joint Statement, the Court appeared to modify only the deadlines for completion of discovery and submission of dispositive motions. (*Joyce v. John Hancock Financial Services*, No. 05-cv-11428 WGY, Order (D. Mass. Dec. 20, 2005) ("Scheduling Order") ("Electronic ORDER AS MODIFIED entered re [8] JOINT STATEMENT re scheduling conference Discovery to be completed by 3/31/2006. Dispositive Motions due by 3/31/2006.").)  Accordingly, Defendants understood this Order to mean that while the discovery deadline and the dispositive motions deadline had been changed from that proposed in the Joint Statement, the schedule concerning a motion, opposition, and hearing on class certification still would be "determined *after* the Court issues a ruling on Defendants' Motion for Summary Judgment." (Joint Statement at 2 (emphasis added); Scheduling Order.)

In addition, Defendants urge the Court to stay consideration of Plaintiff's Motion for Class Certification and the deadline for Defendants' Opposition thereto until resolution of the parties' cross-motions for summary judgment for the purposes of conserving the resources both of the Court and of the parties.  The parties' cross-motions for summary judgment deal squarely with the issue of liability in the instant case.  If Defendants' Motion for Summary Judgment is allowed, and Plaintiff's Cross-Motion for Partial Summary Judgment is denied, matters concerning class certification will be moot.  This is precisely the reason that the parties proposed in their Joint Statement that the schedule concerning a class certification motion, opposition, and

LIBA/1725036.1                                              2

hearing be established by the Court *after* the Court's ruling on the cross-motions for summary judgment (Joint Statement at 2). It would be unfair and wasteful for Defendants now to be required to expend substantial resources to oppose Plaintiff's Motion for Class Certification where, pending the Court's ruling on summary judgment, such a motion may ultimately be irrelevant.[1] Rather, the hearing scheduled for Thursday, September 14, 2006 on the parties' cross-motions for summary judgment presents an ideal opportunity for the Court to establish a schedule concerning class certification issues if such a schedule becomes necessary in this case.

In the event that the Court is unwilling to stay consideration of Plaintiff's Motion for Class Certification and the deadline for Defendants' Opposition thereto until resolution of the parties' cross-motions for summary judgment, Defendants alternatively move the Court to extend the time for Defendants to file their opposition to Plaintiff's Motion for Class Certification until Friday, September 22, 2006.[2] Defendants request this extension due to a previously planned vacation of Defendants' counsel which overlaps directly with the fourteen-day period allotted under Local Rule 7.1(B)(2) for Defendants to file an opposition to Plaintiff's Motion.

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion to stay consideration of Plaintiff's Motion for Class Certification and the deadline for Defendants' Opposition to Plaintiff's Motion for Class Certification until the Court has decided the parties' cross-motions for summary judgment. In the alternative, Defendants move the Court to extend the time for Defendants' to file their opposition to Plaintiff's Motion for Class Certification until Friday, September 22, 2006.

---

[1] Defendants recognize that Plaintiff filed its Motion for Class Certification out of concern for complying with the mandate of Federal Rule of Civil Procedure 23 that class certification be addressed "at an early practicable time." Fed. R. Civ P. 23(c). Nevertheless, Defendants maintain that such a time has not yet arrived.

[2] Pursuant to Local Rule 7.1(B)(2), Defendants' opposition to Plaintiff's Motion for Class Certification would otherwise be due on Wednesday, September 5, 2006.

Respectfully submitted,

JOHN HANCOCK FINANCIAL
SERVICES, INC. SEVERANCE PAY
PLAN and JOHN HANCOCK FINANCIAL
SERVICES, INC.,

By their attorneys,

*/s/ Erin N. Jackson*_____
Anthony M. Feeherry (BBO #160860)
Daniel P. Condon (BBO #547676)
Erin N. Jackson (BBO #647375)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: August 24, 2006

## LOCAL RULE 7.1(A)(2) CERTIFICATION AND CERTIFICATE OF SERVICE

I, Erin N. Jackson, hereby certify that counsel for Defendants conferred with opposing counsel in an effort to resolve or narrow the issues presented in this motion prior to filing, and opposing counsel assents to the relief sought herein.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 24, 2006.

*/s/ Erin N. Jackson*_____
Erin N. Jackson
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Date:  August 24, 2006